# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| John D. Paoli, | )<br>) No.: 25 cv 13397 |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| Douglas A. Collins, Secretary<br>Department of Veterans Affairs | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, **John D. Paoli,** by and through his undersigned attorney, Jill M. Willis, and for his Complaint against the Defendant, **Douglas A. Collins, Secretary, Department of Veterans Affairs**, (hereinafter, "Defendant"). Plaintiff states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is specifically conferred on this Court pursuant to 28 U.S.C. § 1331.
2. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) in that the employment practices alleged to be unlawful were committed within the Northern District of Illinois.
3. Plaintiff's cause of action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*.
4. Plaintiff is seeking appropriate review and relief of the denial on August 25, 2025 of his Office of Federal Operations Reconsideration No. 202400426 of Defendant's Case No.

200J-0578-2022-144155 (EEOC Case No.440-2022-00312X), pursuant to 5 U.S. Code §704 and this Court's equitable powers.

## PARTIES

4. Plaintiff is a 60 year-old white male and Illinois resident employed at the time giving rise to this Complaint as a Police Officer Instructor, GS-07 at the Defendant's Hines VA Medical Center.

5. Defendant oversees the Veterans Administration in its mission to provide health, education, disability, funerary and financial benefits earned by Veterans of the United States Armed Forces.

## ADMINISTRATIVE COMPLIANCE

6. Plaintiff filed EEOC Charge #440-2022-00314X on September 21, 2022.
7. Plaintiff received a Final Agency Decision on September 15, 2023.
8. Plaintiff filed EEOC Appeal No. 202400426 of Defendant's Case No. 200J-0578-2022-14415 on October 15, 2023.
9. Defendant's Final Order was affirmed on Appeal on May 12, 2025
10. Plaintiff filed Reconsideration No. 2025003118 on June 15, 2025.
11. The request for Reconsideration was denied on August 25, 2025.
12. The current action has been timely filed.

## GENERAL ALLEGATIONS

13. Plaintiff alleges discrimination based on reprisal for engaging in prior EEO activity when:

      (1) Since about May 2019, he was performing duties of one pay grade above his.

      (2) Since about May 2019, he was not properly compensated for the duties he performed.

14. Plaintiff was hired by the Defendant Police Department in November, 2009 as a GS-6 Patrol Officer.
15. Plaintiff was involved in prior EEO activity alleging a hostile work environment and discrimination based on reprisal for prior EEO activity when he failed to qualify for a vacancy as a Supervisory Police Officer on June 18, 2014.
16. The litigation in the Federal District Court Northern District of Illinois Eastern Division Case No. 16 C 11072, resulted in a Stipulation for Compromise Settlement and Release filed on May 30, 2019.
17. Plaintiff was promoted from Police Officer, GS-0083/6 Step 7 Police Services to Lead Police Officer (Instructor) GS-0083/7 Step 5, Police Services.
18. As there was no available Patrol Sergeant position, a position was created for Plaintiff as a GS-7 Training Assistant Sergeant.
19. Plaintiff's job responsibilities were substantially the same as those of the then Captain of Training, with the exception that Plaintiff was issued a credit card for procurement of materials for the Training Department, which he later chose to relinquish.
20. Plaintiff was a full-time Training Assistant with no Patrol responsibilities.
21. For a number of years the Defendant's Organizational charts were unsigned, but were implemented the same as if the position designations and description of responsibilities had been properly signed and therefore authorized.
22. The Defendant's unexecuted Hines Police Service Organizational Chart dated April 14, 2020 identified Plaintiff as Lieutenant Assistant Training Officer, GS-0083-[illegible].
23. There was no substantial difference between the job responsibilities of the Captain in the Training Department and the Plaintiff relative to the Captain's subsequent replacement hired in as a Lieutenant.
24. All charts prior to 2020 reflect the Training Assistant is a Lieutenant and even shows the Plaintiff as "Lieutenant Paoli".

25. Although the Captain Training Officer and Plaintiff had identical job responsibilities, their job titles and, therefore their salaries, were different.

26. To substantiate his claims of retaliation by Defendant police management towards individuals who file complaints, Plaintiff presented an email nicknamed the "Hit List" where a police department manager made a specific request for the names of individuals having filed EEO complaints for the purposes of harassing them, of which Plaintiff had been one of those individuals.

27. Plaintiff also viewed himself as a whistle-blower which led to an October 22, 2022 Report undertaken by the Defendant's Office of Senior Security Officer ("OSSO") called the "Steidler Report,' after the Plaintiff sent two email messages to Denis McDonough, then Secretary of the Defendant, complaining of corruption, abuse of power, disparate administration of discipline, sexual harassment and other matters at the Hines VAMC Police Department

28. Plaintiff was listed as a Witness on this Report..

29. Mismanagement at the Hines VA Medical Center's Police Department was determined to exist.

30. Shortly after the circulation of the Report, Plaintiff's credentials and weapon were removed without an explanation.

31. Plaintiff was detailed out of the police department and placed in the medical testing area.

32. Plaintiff was subsequently terminated in September 2023, based, in his opinion, on hearsay evidence.

33. Agency Director James Doelling made the decision to terminate the Plaintiff shortly after Plaintiff filed a Report of Contact ("ROC") against the Director for non-compliance with a Defendant policy when he visited the medical testing area while Plaintiff was detailed there.

34. Plaintiff views his termination as the ultimate retaliation for his EEO and whistleblower activity.

## CLAIM FOR RELIEF

### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

Title VII prohibits employers from retaliating against employees or applicants because they have filed a charge with the EEOC, participated in an investigation of a charge, or otherwise opposed conduct made unlawful by Title VII. Plaintiff has filed several EEO complaints, has a prior lawsuit against the Defendant resulting in a settlement, sent two emails to the Secretary of the VA, served as a Witness to a Defendant initiated investigation of managerial misconduct at the Hines VA Police Department and has evidence of retaliation for his legally protected activity.

## PRAYER FOR RELIEF

As a result of Defendant's illegal acts, Plaintiff was deprived of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 *et seq.* to be free from discrimination in the workplace. Plaintiff was seriously harmed, emotionally and financially, by Defendant's retaliatory discriminatory behavior directed towards him. The employment practices complained of above were intentional, malicious and performed by individuals in positions of power and authority in a governmental entity.

WHEREFOR, Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant as follows:

(a) Declares that the acts, conduct and practices of Defendant as applied to Plaintiff violated 42 U.S.C. § 2000 *et seq*;

(b) Award Plaintiff $800,000 in compensatory damages against the Defendant;

(c) Award Plaintiff reasonable attorney's fees and costs, as provided by law; and

(d) Award Plaintiff such other equitable and any other relief that the Court deems reasonable and just.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all counts and claims raised by this Complaint.

Dated: October 31, 2025

Respectfully submitted,

/s/ Jill M. Willis

Attorney for Plaintiff

Jill M. Willis, Esq.
ARDC # 6187884
Law Office of Jill M. Willis
3628 South King Drive
Chicago, Illinois 60653
(847) 826-5284
jillwillis.law@gmail.com